## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **LSR, INC. T/A JERRY'S SEAFOOD**<br>2492 Jostaberry Way<br>Odenton, Maryland 21113<br><br>Plaintiff,<br><br>v.<br><br>**SATELLITE RESTAURANTS INC.**<br>**CRABCAKE FACTORY USA**<br>12000 Coastal Highway<br>Ocean City, Maryland 21842<br><br>**Serve on:**<br>Johnny Brooks<br>12000 Coastal Highway<br>Ocean City, Maryland 21842<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)          **Civil Action No.: 17-3722**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, LSR, Inc. T/A Jerry's Seafood ("Jerry's Seafood" or "Plaintiff"), by and through

its undersigned counsel, files this Complaint against Defendant Satellite Restaurants Inc.

Crabcake Factory USA (the "Crabcake Factory" or "Defendant"), and alleges as follows:

### PARTIES

1.      Jerry's Seafood is a corporation, in good standing, organized under the laws of the

State of Maryland, having its principal place of business at 2492 Jostaberry Way, Odenton,

Maryland 21113.  Jerry's Seafood is a Maryland and Delaware restaurant chain that has been in

business for more than 35 years.  It ships its products throughout the United States.

2.      The Crabcake Factory is a corporation organized under the laws of the State of

Maryland, having its principal place of business at 12000 Coastal Highway, Ocean City,

Maryland 21842.  The Crabcake Factory maintains a number of restaurants on the Delmarva

Peninsula – in both Maryland and Delaware – and ships its products throughout the United States.

## JURISDICTION AND VENUE

3.      This is an action for trademark infringement and false designation of origin under 15 U.S.C. §§ 1114 and 1125(a).

4.      The Court has original subject matter jurisdiction over the claims that relate to trademark infringement and false designation of origin 15 U.S.C. §§ 1114 and 1125(a); and also pursuant to 28 U.S.C. §§ 1331 and 1338, as these claims arise under the laws of the United States.  The Court has supplemental jurisdiction over the claims arising under state law pursuant to 28 U.S.C. § 1367(a) inasmuch as the state law claims form part of the same case or controversy and arise from a common nucleus of operative fact as Jerry's Seafood's federal claims.

5.      This Court has personal jurisdiction over Defendant because the Crabcake Factory has its principal place of business and a continuous, systematic, and substantial presence within this Judicial District. In addition, by committing acts of trademark infringement and false designation of origin in this Judicial District, including, but not limited to, using an infringing mark in connection with the sale and offering for sale of products to customers in this Judicial District, Defendant's acts form a substantial part of the events or omissions giving rise to Jerry's Seafood's claims.

## GENERAL ALLEGATIONS

**A.      Jerry's Seafood's Trademark**

6.      Jerry's Seafood, directly and through its affiliates, provides restaurant services and develops, markets, sells and distributes seafood and other food items.

7.      Jerry's Seafood's signature dish is THE CRAB BOMB®, which is ten ounces of jumbo lump crab, lightly seasoned with Old Bay® and baked to a golden brown perfection.

8.      In 1987, Jerry's Seafood began using THE CRAB BOMB® mark and has common law trademark rights associates with its use.

9.      Jerry's Seafood is the owner of the THE CRAB BOMB® mark, as identified in the following U.S. Trademark Registration:

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| THE CRAB BOMB | 1744694 | Class 29:baked crab entree | April 9, 1992 | January 5, 1993 |

10.     Attached hereto as Exhibit 1 is a true and correct copy of Jerry's Seafood's trademark registration identified in Paragraph 9 of this Complaint, which is hereby incorporated by reference.  The registration and trademark referenced in Paragraphs 8 and 9 of this Complaint are referred to as "THE CRAB BOMB Mark."

11.     Pursuant to 15 U.S.C. § 1065, U.S. Trademark Registration No. 1744694 is now incontestable.

12.     Jerry's Seafood's THE CRAB BOMB Mark is the subject of substantial and continuous marketing and promotion by Jerry's Seafood in connection with its food items and restaurant services.  Jerry's Seafood has and continues to widely market and promote THE CRAB BOMB Mark in the industry and to consumers by displaying THE CRAB BOMB Mark on menus and point of sale materials inside Jerry's Seafood restaurants in Maryland and Delaware.  Jerry's Seafood's promotional efforts also include – by way of example but not limitation – displaying the mark on promotional materials that are distributed to consumers and potential consumers, and on the Jerry's Seafood website and other Internet websites.  Customers recognize that THE CRAB BOMB Mark originates with Jerry's Seafood and there is a substantial amount of good will associated with the THE CRAB BOMB Mark.

3

**B.      The Crabcake Factory's Infringement**

13.      On information and belief, the Crabcake Factory provides restaurant services and markets, sells and distributes seafood and other food items.

14.      On information and belief, the Crabcake Factory sells food items named "The Crab Bomb," "Crabcake Bomb," and "OC's Original Crabcake Bomb" (the "Accused Marks"). The Crabcake Factory also operates the website http://crabcakefactoryonline.com as well as web pages on Facebook.

15.      Without permission or consent from Jerry's Seafood, the Crabcake Factory has sold, and is offering for sale food items using marks that are identical and confusingly similar to Jerry's Seafood's THE CRAB BOMB Mark.

16.      True and correct copies of menus from the Crabcake Factory's restaurants and website showing the Crabcake Factory's unlawfully-used marks that are identical and confusingly similar to Jerry's Seafood's THE CRAB BOMB Mark are attached hereto as Exhibit 2.

17.      The Crabcake Factory is clearly aware of Jerry's Seafood and its valuable trademark, as evidenced by its display of Jerry's Seafood's THE CRAB BOMB Mark on its website and menus.  The Crabcake Factory is also aware of Jerry's Seafood and its valuable trademark from two letters sent to the Crabcake Factory demanding that the Crabcake Factory cease the infringement.  In response, the Crabcake Factory removed one infringing mark from its website and promised to do so from its menus, but failed to do so.  Despite receiving and acknowledging these letters, the Crabcake Factory continues to use Jerry's Seafood's THE CRAB BOMB Mark.

18.     The Crabcake Factory has attempted to capitalize on Jerry's Seafood's valuable reputation and customer goodwill by using Jerry's Seafood's THE CRAB BOMB Mark in connection with the Accused Products in a manner that is likely to cause consumers and potential customers to believe that the Crabcake Factory's Accused Products are associated with Jerry's Seafood or THE CRAB BOMB Mark, when they are not.

19.     Without permission or consent from Jerry's Seafood, the Crabcake Factory has infringed Jerry's Seafood THE CRAB BOMB Mark in interstate commerce by making, using, promoting, advertising, selling and/or offering to sell the Accused Products using marks that are identical and confusingly similar to Jerry's Seafood's THE CRAB BOMB Mark.

20.     Upon information and belief, the Crabcake Factory's actions alleged herein are intended to cause confusion, mistake or deception as to the source of the Accused Products, and the Crabcake Factory's acts complained of herein are willful and deliberate.

21.     Upon information and belief, the Crabcake Factory's actions alleged herein are intended to cause consumers and potential customers to believe that the Crabcake Factory's business and the goods that Crabcake Factory offers are associated with Jerry's Seafood or Jerry's Seafood's THE CRAB BOMB Mark, when they are not.

22.     By virtue of the acts complained of herein, the Crabcake Factory has created a likelihood of injury to Jerry's Seafood's business reputation and goodwill, caused a likelihood of consumer confusion, mistake and deception as to the source of origin or relationship of Jerry's Seafood's goods and Crabcake Factory's Accused Products, and has used the THE CRAB BOMB Mark without Jerry's Seafood's permission or consent.

23.     Upon information and belief, the Crabcake Factory's acts complained of herein are willful and deliberate.

24.     The Crabcake Factory's acts complained of herein have caused damage to Jerry's Seafood in an amount to be determined at trial, and such damages will continue to increase unless the Crabcake Factory is enjoined from its wrongful acts and infringement.

25.     The Crabcake Factory's acts complained of herein have caused Jerry's Seafood to suffer irreparable injury to its business. Jerry's Seafood will suffer substantial loss of goodwill and reputation unless and until the Crabcake Factory is preliminarily and permanently enjoined from the wrongful acts complained of herein.

**FIRST CLAIM FOR RELIEF**
**(Trademark Infringement and False Designation of Origin Under 15 U.S.C. § 1125(a))**

26.     Jerry's Seafood hereby repeats, realleges, and incorporates by reference paragraphs 1-25 of this Complaint as though fully set forth herein.

27.     This is an action for trademark infringement and false designation of origin arising under 15 U.S.C. § 1125(a).

28.     As a result of the widespread use and promotion of Jerry's Seafood's THE CRAB BOMB Mark, the THE CRAB BOMB Mark has acquired secondary meaning to consumers and potential customers, in that consumers and potential customers have come to associate the THE CRAB BOMB Mark with Jerry's Seafood.

29.     The Crabcake Factory has infringed Jerry's Seafood's THE CRAB BOMB Mark and created a false designation of origin by using in commerce, without Jerry's Seafood's permission, trademarks identical and confusingly similar to Jerry's Seafood's THE CRAB BOMB Mark in connection with the advertisement, offering for sale and/or sale of the Crabcake Factory's Accused Products.

30.     The Crabcake Factory's actions are likely to cause confusion and mistake, or to deceive as to an affiliation, connection, or association of Jerry's Seafood with the Crabcake

Factory, and/or as to the origin, sponsorship, or approval of the Crabcake Factory's goods or commercial activities, in violation of 15 U.S.C. § 1125(a).

31.     Upon information and belief, the Crabcake Factory did so with the intent to trade upon Jerry's Seafood's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that the Crabcake Factory's Accused Products are associated with, sponsored by or approved by Jerry's Seafood, when they are not.

32.     Upon information and belief, the Crabcake Factory had actual knowledge of Jerry's Seafood's ownership and prior use of THE CRAB BOMB Mark, and without the consent of Jerry's Seafood, and willfully violated 15 U.S.C. § 1125(a).

33.     The Crabcake Factory, by its actions, has damaged Jerry's Seafood in an amount to be determined at trial.

34.     The Crabcake Factory, by its actions, has irreparably injured Jerry's Seafood. Such irreparable injury will continue unless the Crabcake Factory is preliminarily and permanently enjoined by this Court from further violation of Jerry's Seafood's rights, for which Jerry's Seafood has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### (Trademark Infringement Under 15 U.S.C. § 1114)

35.     Jerry's Seafood hereby repeats, realleges, and incorporates by reference paragraphs 1-34 of this Complaint as though fully set forth herein.

36.     This is a claim for trademark infringement arising under 15 U.S.C. § 1114.

37.     Jerry's Seafood owns a valid and enforceable registered trademark for THE CRAB BOMB Mark, including at least the registration listed in Paragraph 9 above.

38.     The Crabcake Factory has used in commerce, without permission from Jerry's Seafood, reproductions, copies, colorable imitations, and/or confusingly similar marks to Jerry's Seafood's mark that is the subject of Jerry's Seafood's U.S. Trademark Registration No. 1744694, in connection with the distributing, selling, offering for sale, advertising, and/or promoting of the Accused Products.  Such use is likely to cause confusion or mistake, or to deceive.

39.     Upon information and belief, the activities of the Crabcake Factory complained of herein constitute willful and intentional infringements of Jerry's Seafood's registered mark, and the Crabcake Factory did so with the intent to trade upon Jerry's Seafood's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that the Crabcake Factory's Accused Products are associated with, sponsored by, originated from, or is approved by, Jerry's Seafood, when they are not.

40.     Upon information and belief, the Crabcake Factory had actual knowledge of Jerry's Seafood's ownership and prior use of Jerry's Seafood's registered mark, and has willfully violated 15 U.S.C. § 1114.

41.     The Crabcake Factory's aforementioned acts have damaged Jerry's Seafood in an amount to be determined at trial.

42.     The Crabcake Factory's aforementioned acts have irreparably injured Jerry's Seafood.  Such irreparable injury will continue unless the Crabcake Factory is preliminarily and permanently enjoined by this Court from further violation of Jerry's Seafood's rights, for which Jerry's Seafood has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

43.     Jerry's Seafood hereby repeats, realleges, and incorporates by reference paragraphs 1-42 of this Complaint as though fully set forth herein.

44.     The Crabcake Factory's unauthorized use of Jerry's Seafood's mark in the identification, advertising, and sale of products and services constitutes infringement because such use has caused actual confusion and is likely to continue to cause confusion, mistake, or deception as to the affiliation, connection, or association between the Crabcake Factory and Jerry's Seafood in violation of Jerry's Seafood's common law rights.

45.     The Crabcake Factory's willful acts alleged herein have irreparably injured Jerry's Seafood's business, reputation, and goodwill, and will continue to do so unless and until they are permanently enjoined. Jerry's Seafood has no adequate remedy at law. Therefore, Jerry's Seafood is entitled to injunctive relief.

46.     As a result of the Crabcake Factory's willful and wrongful conduct, Jerry's Seafood has suffered and continues to suffer substantial losses.  Plaintiff is therefore entitled to recover damages, including any and all profits obtained by the Crabcake Factory as a result of its infringement of Jerry's Seafood's rights.

47.     Plaintiff is entitled to recover attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF
### (Common Law Unfair Competition)

48.     Jerry's Seafood hereby repeats, realleges, and incorporates by reference paragraphs 1-47 of this Complaint as though fully set forth herein.

49.     The Crabcake Factory's continued unauthorized use of Jerry's Seafood's mark constitutes common law unfair competition.

50.     The Crabcake Factory misappropriated Jerry's Seafood's mark in an attempt to capitalize on Jerry's Seafood's name, recognition and good will.

51.     The Crabcake Factory acted in bad faith.

52.     The Crabcake Factory's willful acts alleged herein have irreparably injured Jerry's Seafood's business, reputation, and goodwill, and will continue to do so unless and until it is permanently enjoined. Plaintiff has no adequate remedy at law. Therefore, Jerry's Seafood is entitled to injunctive relief.

53.     As a result of the Crabcake Factory's willful and wrongful conduct, Jerry's Seafood has suffered and continues to suffer substantial losses.  Plaintiff is therefore entitled to recover damages, including any and all profits obtained by the Crabcake Factory as a result of its infringement of Jerry's Seafood's rights.

54.     Plaintiff is entitled to recover attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Jerry's Seafood's prays for judgment against the Crabcake Factory as follows:

A.     That the Court enter a final judgment in favor of Jerry's Seafood and against the Crabcake Factory on all claims for relief alleged herein;

B.     That the Court enter a final judgment that the Crabcake Factory has violated the provisions of 15 U.S.C. § 1125(a) by willfully infringing Jerry's Seafood's THE CRAB BOMB Mark and by using a false designation of origin, false description or false representation through the marketing, sale and promotion of the Crabcake Factory's Accused Products;

10

C.      That the Court enter a final judgment that the Crabcake Factory has willfully violated the provisions of 15 U.S.C. § 1114 by infringing Jerry's Seafood's trademark rights in at least the mark that is the subject of U.S. Trademark Registration No. 1744694.

D.      That the Crabcake Factory, its agents, servants, employees, attorneys, successors, and assigns, and all other persons in active concert or participation with any of them who receive actual notice of the injunction by personal service or otherwise, be forthwith preliminarily and permanently enjoined from:

i.      using Jerry's Seafood's THE CRAB BOMB Mark in connection with the Crabcake Factory's goods or services, using the THE CRAB BOMB Mark in advertising or promoting the Crabcake Factory's goods or services and/or using confusingly similar variations of the THE CRAB BOMB Mark in any manner that is likely to create the impression that the Crabcake Factory's goods or services originate from Jerry's Seafood, are endorsed by Jerry's Seafood or are connected in any way with Jerry's Seafood;

ii.     manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling and/or offering to sell any products or services bearing the THE CRAB BOMB Mark and/or any confusingly similar marks;

iii.    otherwise infringing the THE CRAB BOMB Mark; and

iv.     falsely designating the origin of the Crabcake Factory's goods or services;

E.      That the Crabcake Factory be directed to file with this Court and serve on Jerry's Seafood within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction pursuant to 15 U.S.C. § 1114;

F.     That the Crabcake Factory be required to account to Jerry's Seafood for any and all profits derived by the Crabcake Factory and all damages sustained by Jerry's Seafood by virtue of the Crabcake Factory's acts complained of herein;

G.     That the Crabcake Factory be ordered to pay over to Jerry's Seafood all damages which Jerry's Seafood has sustained as a consequence of the acts complained of herein, subject to proof at trial, together with prejudgment and post-judgment interest;

H.     That Jerry's Seafood be awarded treble damages pursuant to 15 U.S.C. § 1117;

I.     That the Crabcake Factory's actions be deemed willful;

J.     That an award of reasonable costs, expenses, and attorneys' fees be awarded to Jerry's Seafood pursuant to at least 15 U.S.C. § 1117;

K.     That the Crabcake Factory be required to deliver and destroy all products, packaging, literature, advertising and other materials bearing the infringing marks pursuant to 15 U.S.C. § 1118; and

L.     That Jerry's Seafood be awarded such other and further relief as this Court may deem just.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Jerry's Seafood respectfully demands a trial by jury of all issues in its Complaint that are so triable.

Dated:  December 18, 2017                    Respectfully submitted,

                                             WOMBLE BOND DICKINSON (US) LLP

                                             /s/ Patrick R. Buckler
                                             Patrick R. Buckler (Bar No. 25943)
                                             patrick.buckler@wbd-us.com
                                             Julie A. Hopkins (Bar No. 28025)
                                             julie.hopkins@wbd-us.com
                                             100 Light Street, 26th Floor
                                             Baltimore, Maryland 21202
                                             (Tel) 410.545.5800
                                             (Fax) 410.545.5801

                                             *Counsel for Plaintiff Jerry's Seafood*