# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

LSR, INC. t/a JERRY'S SEAFOOD,         *

    Plaintiff,         *

      v.         *       Civil Action No. RDB-17-3722

        *

SATELLITE RESTAURANTS INC.
CRABCAKE FACTORY USA,         *

    Defendant.         *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

This case arises from a dispute between Plaintiff LSR, Inc., trading as Jerry's Seafood ("Jerry's Seafood" or "Plaintiff"), and Satellite Restaurants Inc. Crabcake Factory USA ("Crabcake Factory" or "Defendant") regarding alleged trademark infringement and unfair competition by the Defendant. Pending now is Defendant's Motion to Void Charter Document (ECF No. 18). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons set forth below, Defendant's Motion (ECF No. 18) is DENIED for lack of subject-matter jurisdiction.

## BACKGROUND

Plaintiff initially filed suit on September 5, 2017. (*See* Case No. RDB-17-2561, ECF No. 1.) After the Defendant filed a motion to dismiss, which alleged that Plaintiff was a Maryland corporation with a forfeited charter, the Plaintiff voluntarily dismissed the initial action without prejudice on December 19, 2017. (Case No. RDB-17-2561, ECF Nos. 14, 16.)

1

On December 15, 2017, Plaintiff filed "Articles of Revival" to obtain an approved charter from the State of Maryland Department of Assessments and Taxation ("SDAT"). (ECF No. 8-2.) The Articles of Revival state that "the corporation has … [p]aid all state and local taxes, except taxes on real estate, and all interest and penalties due by the corporation or which would have become due if the charter had not been forfeited whether or not barred by limitations." (ECF No. 8-2.) That same day, SDAT accepted the Articles of Revival and issued the Plaintiff a "Certificate of Status," which states Jerry's Seafood is in good standing with the State. (ECF No. 8-3.)

On December 18, 2018, the Plaintiff initiated the instant action asserting trademark infringement and unfair competition claims against the same Defendant for using Plaintiff's THE CRAB BOMB Mark. (ECF No. 1.) Count One asserts that Defendant infringed Plaintiff's trademark under 15 U.S.C. § 1125(a). (*Id.* ¶¶ 26-34.) Count Two alleges trademark infringement under 15 U.S.C § 1114. (*Id.* ¶¶ 35-42.) Count Three alleges common law trademark infringement (*id.* ¶¶ 43-47), and Count Four alleges common law unfair competition (*id.* ¶¶ 48-54). On January 8, 2018, the Defendant filed a Motion to Stay, contending that the Plaintiff fraudulently revived its corporate status, a requirement for standing. (ECF No. 7 (citing *Atlantic Mill & Lumber Realty Co. v. Keefer*, 179 Md. 496 (1941)).) On February 15, 2018, this Court ordered the action be stayed for 60 days to enable the Defendant to challenge the Plaintiff's corporate status with the SDAT. (ECF No. 10.)

On February 21, 2018, the Defendants filed a challenge to the validity of LSR's Articles of Revival with the SDAT. (ECF No. 11-1.)[1] On April 18, 2018, the Plaintiff filed an affidavit in support of the Articles of Revival with the SDAT. (ECF No. 18-1.) On May 18, 2018, the SDAT filed a "No-action Letter" stating that "the department received an Affidavit in response to this notice . . . Consequently, the Department will take no further action in this matter unless a court of competent jurisdiction orders the Department to take further action." (ECF No. 18-2.)

Defendant filed the pending Motion to Void Charter Document (ECF No. 18) on June 15, 2018, asking this Court to exercise jurisdiction over the validity of the Articles of Revival, find them to be improperly filed with SDAT and not in conformance with state law, and thus declare them void. This motion has been fully briefed. (ECF Nos. 19, 20.)

## ANALYSIS

Before filing a responsive pleading or motion to dismiss, Defendant's "Motion to Void Charter Document" asks this Court to grant relief in the form of a declaratory judgment that the Plaintiff's Articles of Revival are null and void under Maryland law. According to the Defendant, this Court is "a court of competent jurisdiction" that may determine the validity of Plaintiff's charter document. (ECF No. 18 at 2 (citing Md. Code, Corporations & Associations, § 1-201.1(e)(1)).) The Defendant contends, without citation to any authority, that this Court "has jurisdiction over the matter of Plaintiff's standing and any issues bearing on or affecting its standing (including whether the Articles of Revival should be voided)." (Reply, ECF No. 20 at 3.) Plaintiff argues that Defendant's challenge must be

---

[1] The Defendant filed two subsequent Status Reports with this Court noting that it was awaiting action by both the Plaintiff and the SDAT. (ECF No. 11 and 14.) This Court granted each Status Report, staying the action for 30 days on April 19, 2018 and for another 30 days on May 15, 2018. (ECF Nos. 13, 15.)

3

filed in a Maryland circuit court and that the challenge constitutes judicial review of an agency decision, for which the 30-day statute of limitations period has now run. (P.'s Opp'n, ECF No. 19.)

To quickly address Plaintiff's argument that Defendant *must* file in state court, the statute merely says that a person "*may* file a petition in the circuit court . . . .." Md. Code Ann, Corps. & Ass'ns § 1-201.1(f)(1) (emphasis added). As this language is permissive, not restrictive, the statute does not prohibit a person from filing in federal court. The Defendant's claim, however, arises under Maryland law, so this Court would only have jurisdiction over the claim through supplemental jurisdiction.[2] The Defendant, as the party asserting the claim, holds the burden of establishing jurisdiction. *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010).

This Court has supplemental jurisdiction "over all other claims that are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The United States Court of Appeals for the Fourth Circuit has explained that supplemental jurisdiction is governed in part by the following test:

> The state and federal claims must derive from *a common nucleus of operative fact*. But if, considered without regard to their federal or state character, a *plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding*, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole.

*Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 662 (4th Cir. 1998) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)) (emphasis added); *accord. Rosmer v. Pfizer Inc.*,

---

[2] The parties in this case are both from Maryland (*see* ECF No. 1 at 1), so diversity jurisdiction is not available to hear the state law claim.

263 F.3d 110, 116 (4th Cir. 2001) (finding that § 1367 codified the *Gibbs* test), *rehearing denied*, 272 F.3d 243 (4th Cir. 2001). Supplemental claims "may be separate claims, *or* they may merely be different 'counts' or 'grounds' or 'theories' in support of what is *essentially a single claim*." *White v. Cty. of Newberry, S.C.*, 985 F.2d 168, 172 (4th Cir. 1993) (citing 28 U.S.C. § 1367 Practice Commentary) (emphasis added).

Under § 1367(c), a district court may exercise its discretion to decline to exercise supplemental jurisdiction if:

   (1) the claim raises a novel or complex issue of State law,
   (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
   (3) the district court has dismissed all claims over which it has original jurisdiction, or
   (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). The Supreme Court has warned, "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Gibbs,* 383 U.S. at 726; *see also Hunt v. Branch Banking & Tr. Co.*, 480 F. App'x 730, 732 (4th Cir. 2012) (finding that district court did not abuse its "considerable discretion in declining to exercise supplemental jurisdiction"). The Supreme Court has also clarified that – rather than limiting the scope of § 1367(c)(1) – abstention doctrines provide *additional* grounds for declining supplemental jurisdiction. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 174, 118 S. Ct. 523, 534 (1997).

Defendant's argument that the validity of the Article of Revival bears on Plaintiff's standing falls short of demonstrating that the claims themselves "derive from a common

nucleus of operative fact." *Axel Johnson,* 145 F.3d at 662. Specifically, Plaintiff's federal claims alleging trademark infringement under 15 U.S.C. §§ 1125(a) and 1114 focus on Defendant's use of THE CRAB BOMB Mark. (ECF No. 1 at ¶¶ 26-42.) Defendant's request to void Plaintiff's Articles of Revival focuses on Plaintiff's allegedly fraudulent representations to a third party, the State of Maryland Department of Assessments and Taxation ("SDAT"). The *operative* factual question for Defendant's claim (i.e., whether Plaintiff fraudulently represented its fulfillment of tax obligations) has nothing to do with THE CRAB BOMB. The Plaintiff's interaction with the SDAT and the Defendant's use of Plaintiff's THE CRAB BOMB Mark therefore do not share a "common nucleus of operative fact" such that they constitute two versions of "essentially a single claim." *White,* 985 F.2d at 172.

Even if supplemental jurisdiction were available to hear Defendant's claim, this Court holds considerable discretion to decline to exercise jurisdiction over the claim. *Hunt,* 480 F. App'x at 732. Resolving Defendant's claim would require this Court to, *inter alia*, decide which statute of limitations would apply, yet the Defendant has failed to cite a single decision by a Maryland court on this issue. Even if supplemental jurisdiction were available, this Court would exercise its discretion to avoid a "[n]eedless decision[] of state law" and to "procur[e] for [the parties] a surer-footed reading of applicable law." *Gibbs,* 383 U.S. at 726. Accordingly, the Defendant has failed to demonstrate that this Court has supplemental jurisdiction over its claim to declaratory relief, and Defendant's Motion to Void Charter (ECF No. 18) is DENIED.[3]

---

[3] To be clear, this Order is not an adjudication on the merits of Defendant's claim to declaratory relief under Maryland corporate law. This ruling therefore does not preclude the Defendant from filing its claim in state court or from challenging Plaintiff's standing in later motions, which may be governed by different standards of review and burdens of proof.

## CONCLUSION

For the reasons stated above, it is this 5th day of September, 2018 HEREBY ORDERED that:

1. The Defendant's Motion to Void Charter Document (ECF No. 18) is DENIED;

2. As the earlier stay has now expired, the Defendant must respond to the Complaint within 14 days of this Order; and

3. The Clerk of this Court transmit copies of this Order to the parties.

\_\_\_/s/_____
Richard D. Bennett
United States District Judge